COPE, Judge
(dissenting).
I respectfully dissent. I do not think that the defendant motel was entitled to summary judgment on the theory that the hazard was an open and obvious condition. This accident occurred at the swimming pool of a commercial motel, which provided the pool for recreational use of the guests. The pool had a water filler pipe which passed over the top of the pool coping and protruded into the swimming pool. While engaging in a game of “catch” while standing on the pool coping, the plaintiff caught his foot in the gap underneath the pipe and fell into the pool in a manner which caused injuries.
*289 Although the pool filler pipe was in plain view where it crossed the coping, that does not automatically mean it is “open and obvious” for purposes of excusing the landlord from liability. See Restatement (Second) of Torts § 343A and comment / (1965); 41 Fla. Jur.2d Premises Liability §§ 16-17 (1983). The question here is whether the landlord reasonably should have anticipated that patrons using the swimming pool and recreational equipment would become distracted from their surroundings. See Restatement (Second) of Torts § 343A(1) (“A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on theTand whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.”) (Emphasis added); 41 Fla. Jur.2d Premises Liability § 17 (Distraction Rule).
Furthermore, the gap between the filler pipe and the pool coping was a small one. It can be seen upon careful viewing of a photograph taken at a low angle several feet from the filler pipe. It is doubtful, however, that an ordinary patron would notice the gap, because a patron standing close to the filler pipe would be looking down on the pipe and would not see the gap underneath it. There is, in other words, a question whether the condition of the pipe could readily be perceived by a patron of the swimming pool.
Since disputed issues of material fact remain, the judgment should be reversed.